IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY W. GREMP,<br><br>  Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY, et al.,<br><br>  Defendants | No. C-07-2316 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; VACATING HEARING** |

    Before the Court is plaintiff Lary W. Gremp's ("Gremp") "Motion for Leave to Amend and File Second Amended Complaint," filed March 7, 2008. Defendants County of Sonoma ("the County") and Sheriff Bill Cogbill ("Cogbill") have filed opposition, to which Gremp has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for April 18, 2008, and rules as follows.

    In his First Amended Complaint ("FAC"), filed June 18, 2007, Gremp alleges that "state livestock officials," including Pat Taylor ("Taylor"), recommended to the Sonoma County District Attorney's Office that Gremp be prosecuted for filing with the State a false bill of sale of heifers, (see FAC ¶¶ 5, 20, 25), that District Attorney Kathy DeLoe ("DeLoe") declined to prosecute (see FAC ¶¶ 6, 24), that the Sheriff of Sonoma County "went ahead anyway" and filed a warrant and felony criminal complaint in June 1997 even though the

1 Sheriff "knew that there was no probable cause" to arrest Gremp, (see FAC ¶¶ 7, 26, 45),
2 that Gremp was arrested in 2006, (see FAC ¶ 27), and that the charges were later
3 dismissed because of insufficient evidence, (see FAC ¶¶ 33). Based on such allegations,
4 Gremp alleges a violation of 42 U.S.C. § 1983 based on a deprivation of Fourth
5 Amendment rights, as well as state law violations. In the FAC, Gremp names as
6 defendants the County, Cogbill, and former Sheriff Jim Piccinini ("Piccinini"). Gremp seeks
7 leave to file a Second Amended Complaint to add Taylor and DeLoe as new defendants,
8 and to delete Piccinini as a defendant.[1]

"Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Texaco, Inc. v. Ponsoldt, 939 F. 2d 794, 798 (9th Cir. 1991) (internal citation and quotation omitted).

**A. Taylor**

In the FAC, Gremp alleges that Taylor, in October 1996, prepared a report and memorandum, in which Taylor stated Gremp had "provided a false bill of sale to [a state inspector]" in order to obtain "possession of forty heifers he had previously sold to Vic Chiapetta," (see FAC ¶ 20); the FAC describes Taylor's report and memorandum as "flatly untrue" and "internally inconsistent," (see FAC ¶¶ 21-22). In his proposed SAC, Gremp adds Taylor as a defendant, and alleges, for the first time, that Taylor "knew" the statements in his report and memorandum were "false." (See proposed SAC ¶ 29.)

As defendants point out, Gremp fails to state why he did not name Taylor as a defendant in the FAC, in which pleading Gremp identified and characterized as false the very documents authored by Taylor that form the basis for the claims Gremp now seeks to allege against Taylor.[2] Given Gremp's failure to offer any explanation for his waiting almost

---

[1] The proposed SAC is attached to Gremp's motion.

[2] Although Gremp does identify documents he recently received in discovery pertaining to the Sonoma County District Attorney, Gremp does not assert he recently received any new documents pertaining to Taylor's then-existing mental state.

nine months before seeking to add Taylor as a defendant, the Court finds such delay was undue.

Further, the deadline for completion of non-expert discovery in this case was February 8, 2008, the expert discovery cut-off date was April 4, 2008, and a jury trial is set to begin July 21, 2008.  (See Pretrial Preparation Order, filed August 20, 2007.)  If the Court were to grant Gremp leave to amend to add Taylor as a defendant, all dates and deadlines previously scheduled in the instant case would have to be continued.  Such continuances, at this late stage of the litigation, would prejudice the existing defendants. See Solomon v. North American Life & Cas. Ins. Co., 151 F. 3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion to amend made "on the eve of the discovery deadline" based, inter alia, on prejudice resulting from "re-opening discovery, thus delaying the proceedings"); Texaco, 939 F. 2d at 798-99 (holding, although motion to amend was filed 4 ½ months before trial, motion properly denied because discovery had closed and, as a result, defendant would be "unreasonably prejudiced" by addition of new claims); cf. DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 187-88 (9th Cir. 1987) (holding addition of new party not prejudicial where case "still at the discovery stage with no trial date pending, nor ha[d] a pretrial conference been scheduled").

Accordingly, the motion will be denied to the extent Gremp seeks to amend to add Taylor as a defendant.

**B.  DeLoe**

In the FAC, Gremp alleges DeLoe "concluded that the prosecution should be declined."  (See FAC ¶¶ 6, 24.)  After the County and Cogbill were served, their counsel advised Gremp, in June 2007, that, contrary to the above-quoted allegation in the FAC, DeLeo had made a decision to prosecute the case.  (See Mitchell Decl., filed March 28, 2008, ¶ 2, Exs. A, B.)  In the proposed SAC, Gremp alleges DeLoe "knew that there was nothing false whatsoever in the invoice which Gremp faxed to [the State agency]," (see proposed SAC ¶ 38), yet DeLoe "nevertheless prepared documentation in support of an application for a warrant of arrest of Gremp," (see proposed SAC ¶ 40).

Gremp asserts he did not unduly delay in seeking to add DeLoe as a party because he did not have grounds to allege a claim against DeLoe that would not be subject to a defense of absolute immunity, until he received, on February 4, 2008, a memorandum that, he asserts, supports a viable claim against her. Assuming, <u>arguendo</u>, Gremp did not unduly delay in seeking to add DeLoe as a defendant, the Court turns to the issue of whether the addition of DeLoe would be, as defendants argue, futile. See <u>Johnson v. American Airlines, Inc.</u>, 834 F. 2d 721, 724 (9th Cir. 1987) (holding motion for leave to amend properly denied where amendment "would have been futile").

Under federal law, "[a]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the provisions of absolute immunity." See <u>Kalina v. Fletcher</u>, 522 U.S. 118, 126 (1997). "When a prosecutor performs the investigative functions normally performed by a detective or police officer," however, "it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." See <u>id.</u> Thus, a prosecutor is entitled to absolute immunity as to a claim based on the "organizing, evaluating, and marshalling [of the] evidence to facilitate seeking a warrant," but is not entitled to such immunity as to a claim based on the "preliminary gathering of evidence that may ripen into a potential prosecution." See <u>Gobel v. Maricopa County</u>, 867 F. 2d 1201, 1204 (9th Cir. 1989) (holding prosecutor not entitled to absolute immunity based on claim prosecutor, before deciding to file charges that defendant knowingly issued bad check, conducted own investigation as to "who wrote the check"). Similarly, under state law, a prosecutor enjoys absolutely immunity for "acts within his official capacity [as a prosecutor]," such as "giving errant advice to a grand jury," but not for "acts outside his official capacity," such as "giving pre-charging advice to the police." See <u>Falls v. Superior Court</u>, 42 Cal. App. 4th 1031, 1044 (1996).

Here, Gremp argues, the proposed SAC alleges DeLoe performed a function normally performed by an investigator. In particular, Gremp relies on DeLoe's memorandum to the "DA file," (<u>see</u> Stanzler Decl., filed April 9, 2008, Ex. G), written after

4

1  DeLoe met with Glen VanSchaack, Chief of the State Department of Food and Agriculture's
2  Bureau of Livestock Identification, (see proposed SAC ¶¶ 36-38).  The subject
3  memorandum, however, does not include any statement evidencing an investigation on the
4  part of DeLoe.  Cf. Kalina, 522 at 126 (citing, as example of prosecutor's engaging in
5  investigatory function, prosecutor's "plan[ning] and execut[ing] a raid on a suspected
6  weapons cache").  Rather, the memorandum consists of DeLoe's evaluation of the
7  evidence collected by others and the basis for her determination that probable cause
8  existed to support a finding, based on such evidence, that Gremp had violated state law
9  prohibiting the filing of false documents.  (See proposed SAC ¶ 37; Stanzler Decl., filed
10 April 9, 2008, Ex. G.)  A prosecutor is entitled to absolute immunity from civil liability based
11 on a claim that she erred with respect to "her determination that the evidence was
12 sufficiently strong to justify a probable-cause finding [and/or] her decision to file charges."
13 See Kalina, 522 U.S. at 130; see also Roe v. City and County of San Francisco, 109 F. 3d
14 578, 584 (9th Cir. 1997) (holding "prosecutor's professional evaluation of the evidence
15 assembled by the police is entitled to absolute immunity").

16     In sum, the proposed SAC does not include an allegation that DeLoe engaged in
17 any acts other than those taken in "preparing for the initiation of judicial proceedings"
18 against Gremp.  See Kalina, 522 U.S. at 126.  Consequently, DeLoe would be entitled to
19 absolute immunity with respect to the claims Gremp proposes to allege against her, and,
20 accordingly, the addition of DeLoe as a defendant would be futile.

21     Accordingly, the motion will be denied to the extent Gremp seeks to amend to add
22 DeLoe as a defendant.

23 **C.  Piccinini**

24     As noted, Gremp also seeks to amend to delete Piccinini as a defendant.
25 Amendment for such purpose, however, is not necessary.  Rather, because Gremp has not
26 appeared, Gremp may file a notice of voluntary dismissal of his claims against Gremp,
27 pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

28     Accordingly, the motion will be denied to the extent Gremp seeks to delete his

claims against Piccinini, without prejudice to Gremp's filing a notice of voluntary dismissal of his claims against Piccinini.

### CONCLUSION

For the reasons stated above, Gremp's motion for leave to file a Second Amended Complaint is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 15, 2008

MAXINE M. CHESNEY
United States District Judge